## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **AHMED GULZAR** | * | **DOCKET NO.:** |
| | * | |
| **VERSUS** | * | **JUDGE:** |
| | * | |
| **STATE FARM FIRE AND CASUALTY COMPANY** | * | **MAGISTRATE JUDGE:** |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE OF REMOVAL

Defendant, State Farm Fire and Casualty Company, appearing through undersigned counsel files this Notice of Removal pursuant to 28 U.S.C. §§ 1332 and 1441, and hereby removes this matter from the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana, to the docket of this Honorable Court on the grounds set forth below:

**I.  PROCEDURAL HISTORY**

**1.**

Plaintiff Ahmed Gulzar filed a "*Petition for Damages and Rule to Show Cause Why Umpire Should Not Be Appointed*" in the 19th Judicial District Court, Parish of East Baton Rouge, for the State of Louisiana, against State Farm Fire and Casualty Company, ("State Farm") on April 13, 2023. The case was captioned "*Ahmed Gulzar versus State Farm Fire and Casualty Company*" Docket No. C-730919. (*See* Petition for Damages, Citation and Proof of Service upon State Farm through the Louisiana Secretary of State on May 10, 2023, forwarding of the petition by the Secretary of State to State Farm on May 11, 2023, and receipt of the petition by Corporation Service Company on May 12, 2023, attached hereto and marked for identification as Exhibit "A", in *globo*).

1

2.

Plaintiff brings this lawsuit against State Farm in its capacity as insurer for the Plaintiff's property located at 2233 Saint Regis Drive, Baton Rouge, Louisiana 70816 (hereinafter referred to as "Insured Property"). (*See* Exhibit A at p. 5, Petition ¶5-¶6). On or about April 14, 2021, Plaintiff contends that the Insured Property was damaged as a result of a hailstorm that made landfall near the Insured Property. (*See* Exhibit A at p. 5, Petition ¶7). Plaintiff alleges in the Petition that the Plaintiff provided State Farm with satisfactory proof of loss evidenced by an estimate prepared by C.W. Briscoe & Associates in the amount $57,000. (*See* Exhibit A at p. 6, Petition ¶11). Plaintiff alleges that State Farm failed to timely tender proceeds after it received satisfactory proof of loss. (*See* Exhibit A at p. 6, Petition ¶15-¶16). Plaintiff claims damages to the Insured Property, mental anguish, statutory penalties, attorney fees, and other damages listed in the Petition for Damages. (*See* Exhibit A at p. 9, Petition ¶40).

3.

State Farm removes this action from the 19th Judicial Court, Parish of East Baton Rouge, to the United States District Court for the Middle District of Louisiana, pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441, *et seq.*

II.  **REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332 AS ALL PARTIES ARE DIVERSE AND THE AMOUNT IN CONTROVERSY EXCEEDS $75,000 EXCLUSIVE OF INTERESTS AND COSTS**

4.

28 U.S.C. § 1332 provides federal district courts with concurrent original jurisdiction in cases "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between (1) citizens of different States.

**5.**

The Fifth Circuit has explained that for purposes of establishing removal jurisdiction, a defendant may demonstrate the amount in controversy exceeds $75,000, "in either of two ways: (1) by demonstrating that it is 'facially apparent' from the petition that the claim likely exceeds $75,000 or (2) 'by setting forth *the facts* in controversy-preferably in the removal petition, but sometimes by affidavit that supports a finding of the requisite amount.'" *Grant v. Chevron Phillips Chemical Co.*, 309 F.3d 864, 868 (5th Cir. 2002) (emphasis in original) (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). While State Farm admits no liability, Plaintiff's Petition on its face establishes that the amount in controversy exceeds SEVENTY-FIVE THOUSAND and No/100s ($75,000.00) DOLLARS, exclusive of interest and costs.

**6.**

Plaintiff's Petition asserts the Plaintiff has provided State Farm with the estimate prepared by C.W. Briscoe & Associates that totaled $57,000.00, and this estimate constitutes satisfactory proof of loss. (*See* Exhibit A at p. 6, Petition ¶11). State Farm has not paid anything on the claim. (*See* Exhibit A at p. 5, Petition ¶9).

**7.**

Further, in the Petition, Plaintiff claims that the Plaintiff is entitled to penalties delineated in La. R.S. §§22:1892 and 22:1973 as well as attorney's fees. (*See* Exhibit A at p. 9, Petition ¶40). It is well-settled that statutory penalties can be used as support that the jurisdictional amount has been exceeded. *Lapeyrouse v. State Farm Fire & Cas. Co.*, No. 14-52, 2014 WL 4373273, at *3 (M.D. La. Sept. 3, 2014) (citing *Fortier v. State Farm Fire & Cas. Co.*, 2007 WL 678990, at *2 (E.D. La. Feb. 28, 2007)). Courts have specifically cited claims under La. R.S. 22:1892 as appropriate to use in calculating the jurisdictional amount. *Easley v. Republic Fire and Casualty*

*Insurance Company,* 2020 WL 7344614, (M.D. La. Nov. 4, 2020).

**8.**

Based upon the above cited allegations, if Plaintiff was to prove that State Farm failed to timely make payments to them as required by the Louisiana insurance bad faith statutes "[w]hen such failure is found to be arbitrary, capricious or without probable cause, shall subject the insurer to a penalty, in addition to the amount of loss, of fifty percent damages on the amount found to be due from the insurer to the insured, or one thousand dollars whichever is greater payable to the insured…. or in the event a partial payment or tender has been made, fifty percent of the difference between the amount paid or tendered and the amount found to be due as well as reasonable attorney fees and costs" La. Rev. Stat. §22:1892(B)(1).

**9.**

If at trial it is determined that Plaintiff is owed the $57,000.00 claimed in the C.W. Briscoe & Associates estimate and that State Farm failed to timely tender same, the potential 50% penalty on that payment is $28,500. The amount in controversy based on potential contractual payments and potential penalties is $85,500.00 before the addition of any general damages, penalties on general damages, and attorney's fees.[1]

**10.**

Though the Plaintiff does not plead an exact calculation of damages, Plaintiff's estimated structural damages and repair costs from C.W. Briscoe & Associates along with his additional requests for statutory damages proves that the amount in controversy clearly exceeds $75,000.

---

[1] "The amount in controversy depends on all these forms of relief. *See e.g., St. Paul Reinsurance*, 134 F. 3d at 1254("[I]n addition to policy limits and potential attorney's fees, items to be considered in ascertaining the amount in controversy when the insurer could be liable for those sums under state law are inter alia penalties, statutory damages, and punitive damages- just not interests or costs.'). *Chauvin v. Symetra Life Ins. Co.,* 422 F. Supp. 3d 1145, 1153 (E.D. La. Oct. 31, 2019) (Fallon, J.)

Moreover, the Plaintiff's claim could be even larger when the other damages the Plaintiff claims (mental anguish and attorney's fees) are considered.

**11.**

Plaintiff's petition for damages does not offer a binding stipulation or renunciation in the petition that Plaintiff will not seek to enforce any judgment that may be awarded in excess of $75,000.00. As set forth in *Matherne Family Properties, LLC v. Travelers Ins. Co.,* 09-1051, 2010 WL 762796 (M.D. La. March 4, 2010) (Tyson, J. adopting report and recommendation of Magistrate Judge Noland):

> For a stipulation to be binding and warrant remand to state court, the plaintiff must do more than simply allege that the amount in controversy or the amount of damages suffered does not exceed $74,999.00. *See, Engstrom,* at *4 (E.D.La.2004), citing *Mangunor v. Prudential Property and Cas. Ins. Co.,* 276 F.3d 720, 723 (5th Cir.2002) and *Turkish v. St. Paul Fire & Marine Insurance Co.,* 2003 WL 22434222 (E.D.La.2003). The plaintiff must expressly deny that he/she will accept more than $75,000.00 if the state court awards in excess of that amount. *Id.* (plaintiffs' allegations in their state court petition were held to constitute a binding stipulation because they "affirmatively and knowingly waive[d] entitlement to any damages in excess of $74,999 ... after having been advised that their waiver was binding and effective and that under no circumstances could a Louisiana state court award them more"); *Zeno,* at *3 (Plaintiff explicitly stated in the state court petition that the total value in controversy did not exceed $75,000, that neither she nor her counsel "will accept an amount that exceeds $75,000, exclusive of interests and costs," that her recovery "is limited to [an] amount less than $75,000, exclusive of interest and costs," and that she would not amend her petition in the future to seek damages greater than $75,000. The Eastern District found that such allegations were binding and sufficient to prove, to a legal certainty, that the plaintiff would not recover in excess of the federal jurisdictional minimum because, through her allegations, the plaintiff had affirmatively renounced her right to recover in excess of $75,000. The Eastern District specifically noted that such case was not a situation where the plaintiff had only stated in the petition that her damages did not exceed $75,000, without stating whether she would accept more than $75,000 in the event the state court was to award that amount); *In re 1994 Exxon Chemical Fire,* 558 F.3d 378 (5th Cir.2009)(Distinguishing *Engstrom* on the ground that the plaintiffs in *Exxon* "merely alleged that the amount in controversy did not exceed the jurisdictional amount; they did not deny that they would *accept* more than $50,000").

**12.**

Plaintiff's petition also does not contain an allegation required by La. C.C.P. art. 893 (A)(1) that "[i]f a specific amount of damages is necessary to establish…the lack of jurisdiction of federal courts due to insufficiency of damages… a general allegation that the claim exceeds or is less than the requisite amount is required." Federal Courts within Louisiana have held that a plaintiff's failure to follow La. C.C.P. art. 893 (A) (1)'s mandate is entitled to some consideration although in and of itself is not determinative of the amount in controversy. *Johnson v. Beale*, 18-961 2018 WL 6037526 at *2 (M.D. La. November 16, 2018) (citations omitted); *Joseph v. State Farm Mutual Automobile Co.*, 11-122, 2011 WL 2899127 at *2 (E.D. La. July 18, 2011) (Fallon, J.) (citations omitted); *Courville v. State Farm Mutual Automobile Ins. Co.*, 15-cv-01221, 2015 WL 4730124 at *1-2 (W.D. La. August 10, 2015) (Hanna, M.J.) (citations omitted).

**13.**

While State Farm admits no liability nor any element of damages, given that (1) Plaintiff alleges that State Farm has failed to timely settle his claim, (2) Plaintiff is asserting claims of bad faith and penalties in addition to mental anguish damages, (3) Plaintiff provided State Farm with an estimate for repairs that total $57,000, (4) Plaintiff alleges that State Farm has refused to pay any amounts due on the subject claim, (5) that Plaintiff has not alleged in the petition that damages are below $75,000, and (6) when one takes into account statutory penalties that could be owed on the Plaintiff's estimate for repairs, the matter in controversy clearly exceeds $75,000. Therefore, State Farm has met its burden of showing that the amount in controversy exceeds SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs.

**14.**

Plaintiff Ahmed Gulzar, an individual, is domiciled in East Baton Rouge Parish, State of Louisiana. and therefore, a citizen of that state for diversity purposes. (*See* Exhibit A at p. 4, Petition ¶1). Defendant, State Farm Fire and Casualty Company, is a corporation incorporated in the State of Illinois and has its principal place of business in the state of Illinois. Thus, Plaintiff is a citizen of Louisiana and State Farm is a citizen of the State of Illinois. Therefore, there is complete diversity amongst all parties.

**15.**

This is a civil action over which the United States District Court for the Middle District of Louisiana has concurrent original jurisdiction under the provisions of 28 U.S.C. § 1332, *et seq.*, as the amount in controversy, exceeds SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs, and complete diversity exists between all adverse parties.

**III.   STATE FARM HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.**

**16.**

State Farm was served with the Petition for Damages through its statutory agent for service of process, the Louisiana Secretary of State, on May 10, 2023. (*See* Exhibit A at p. 3, Citation). The Secretary of State forwarded the Petition to Corporation Service Company by certified mail on May 11, 2023, which was received by Corporation Service Company on May 12, 2023. (*See* Exhibit A at p. 2, Letter from Secretary of State dated May 11, 2023; and Exhibit A at p. 1, Notice of Service of Process Transmittal form from Corporation Service Company dated May 12, 2023.)

**17.**

"[C]ourts in the Fifth Circuit have held that the time for removal commences when the

defendant actually receives formal process, as opposed to when service is made on the Secretary of State as the defendant's statutory agent." *Brown v. S.L. Netterville Logging, Inc.* 09-200, 2009 WL 1875755 (M.D. La. June 26, 2009) (Brady, J., Riedlinger, M.J.) (unpublished) citing to *Manuel v. Unum Life Ins. Co. of America*, 932 F. Supp. 784 (W.D. La. 1996) (30-day period for removal did not commence upon service of Secretary of State, but upon insurer's actual receipt of copy of that pleading); *Crescent City Holdings, LLC v. Scottsdale Ins. Co.*, 2008 WL 783592 (E.D. LA. March 25, 2008) (general rule is that 30-day clock does not begin to run when a statutory agent such as the secretary of state is served, but begins to run when defendant or someone serving as defendant's agent in fact receives process).

**18.**

This Notice of Removal is filed within 30 days of service of the petition on State Farm through its agent for service of process, Corporation Service Company, on May 12, 2023.

**19.**

Jurisdiction is founded in the existence of diversity jurisdiction under 28 U.S.C. § 1332 (a)(2), which grants federal courts concurrent original jurisdiction over claims where the matter in controversy exceeds the sum or value of SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs, and is between citizens of a state and a citizen or subject of a foreign state.

**20.**

The 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana, is located within the Middle District of Louisiana pursuant to 28 U.S.C. § 98(b). Therefore, venue is proper in accordance with 28 U.S.C. § 1441(a) because it is the "district and division embracing the place where such action is pending."

**21.**

No previous application has been made by State Farm for the relief requested herein. Pursuant to 28 U.S.C. § 1446(a), a copy of the Petition and all other pleadings of record served on or by State Farm to date are attached hereto as … along with any service documents. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon Plaintiff's counsel and the Clerk of Court for the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana. No other process, pleadings, or orders have been served upon State Farm.

**IV.   CONCLUSION**

**22.**

Under the applicable provisions of 28 U.S.C. §1441 and other applicable statutes, all of which Defendant, State Farm, has complied with, this cause of action is removable to the United States District Court for the Middle District of Louisiana.

**23.**

State Farm reserves the right to supplement or amend this Notice of Removal.

**24.**

State Farm reserves all defenses, and the filing of this Notice of Removal is subject to, and without waiver, of any and all defenses that are or might become, including, but not limited to those available to State Farm.

**25**.

The Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and Uniform Local Rules of the District Courts.

Respectfully submitted,

*/s/Matthew L. Mann*
**MATTHEW L. MANN (#31851), T.A.**
**ADRIENNE D. RACHEL (#34391)**
**KIRK D. PFEFFERLE (#35281)**
Porteous, Hainkel & Johnson, L.L.P.
301 St. Charles Street
Baton Rouge, LA  70802
Telephone: (225) 383-8900
Direct Fax: (225) 336-8927
Email: mmann@phjlaw.com
Email: arachel@phjlaw.com
Email: kpfefferle@phjlaw.com
*Counsel for Defendant, State Farm Fire and Casualty Company*

## CERTIFICATE OF COMPLIANCE WITH 28 U.S.C. § 1446(d)

I hereby certify that on June 8, 2023, a copy of the foregoing Notice of Removal has been sent to the following:

**Plaintiff Ahmed Gulzar**
*Through Counsel of Record via email*
Devlan Melancon (39280)
Aaron Godbey (38534)
Michael Giardina (39192)
Dante Cortello (39093)
Godbey Giardina Law Group, LLC.
59118 North Pearl Drive, Unit 1
Slidell, Louisiana 70461
Telephone: (985) 590-4650
Email: devlan@g-glawgroup.com
Email: aaron@g-glawgroup.com
Email: michael@g-glawgroup.com
Email: dante.cortello@gmail.com

*Via E-Filing*
East Baton Rouge Parish Clerk of Court
19th Judicial District Court
300 North Boulevard
Baton Rouge, LA  70801

*/s/Matthew L. Mann*
MATTHEW L. MANN